
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT MICHAEL SMITH, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 4:19-CV-628-A |
| BRETT MCGUIRE, Sheriff, Palo Pinto County, Texas, | § § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner, Robert Michael Smith, a state prisoner, against Brett McGuire, Sheriff of Palo Pinto County, Texas, respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be dismissed in part for mootness and in part for failure to state a claim upon which habeas relief may be granted.

**I. Factual and Procedural History**

At the time this petition was filed, petitioner was confined in the Palo Pinto County jail awaiting trial on a charge of possession of a controlled substance in Palo Pinto County, Texas, Case No. 16911, and in custody of respondent. Petitioner raises four grounds for habeas relief and seeks dismissal of the charges and replacement of his personal belongings. (Pet. 6-7, doc. 1.) Respondent asserts that the petition should be denied as

petitioner, having now been convicted of the offense and transferred to the custody of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), is no longer in his custody. (Resp't's Supp. Resp. 2-4, doc. 22.)

## II. Discussion

A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be "in custody" for purposes of § 2241(c) and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). Respondent provides proof that on December 18, 2019, pursuant to a plea agreement, petitioner pleaded guilty and was convicted of the charged offense and was sentenced to six years' confinement and fined $2000. (Resp't's Supp. Resp., Ex. 1, doc. 22.) Respondent also provides proof that petitioner was received into TDCJ's custody on January 13, 2020. (Id., Ex. 2.) Thus, petitioner is no longer a pretrial detainee in custody of respondent and the petition as it relates to his pretrial detention has been rendered moot. *See Thorne v. Warden, Brooklyn House of Detention for Men,* 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the

constitutional issues presented."). *See also Fassler v. United States,* 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that federal pretrial detainee's habeas-corpus application was rendered moot by his conviction).

As the petition relates to replacement of petitioner's personal belongings, this court has no authority to grant such relief in a habeas-corpus action and the issue fails to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons discussed herein,

It is ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, DISMISSED in part for mootness and in part for failure to state a claim upon which relief may be granted. It is further ORDERED that a certificate of appealability be, and is hereby, DENIED. The clerk of court is directed to send copies of this Memorandum Opinion and Order and the Final Judgment to petitioner at his address of record and at Formby State Jail, 998 County Road AA, Plainview, Texas 79072.

SIGNED March __17__, 2020.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE